## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| OLD TOWN UTILITY & TECHNOLOGY PARK, LLC, RELENTLESS CAPITAL COMPANY, LLC and SAMUEL EAKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CONSOLIDATED EDISON SOLUTIONS, INC., CONSOLIDATED EDISON DEVELOPMENT, INC., CONSOLIDATED EDISON ENERGY, INC., CON EDISON CLEAN ENERGY BUSINESS, INC., WARD STROSSER, JACK BOSCH, MARK NOYES, PAUL MAPELLI, JAMES W. SEWALL COMPANY, DAVID EDSON, DAVID STEVENS, TREADWELL FRANKLIN INFRASTRUCTURE CAPITAL, LLC, STEVEN JONES, PEOPLE'S UNITED BANK, N.A., JAMES PAGE, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, and THE TRUSTEES OF THE UNIVERSITY OF MAINE SYSTEM, <br><br> Defendants. | CASE NO. <br><br><br><br> **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331 and 1441(a)** <br> **(Federal Question)** |

**PLEASE TAKE NOTICE** that all Defendants unanimously hereby remove the above-captioned action, *Old Town Utility & Tech. Park, LLC et al. v. Consolidated Edison Solutions, Inc., et al.*, Case No. PORSC-cv-2018-00465 from the Superior Court of the State of Maine, County of Cumberland (the "State Court Action") to the United States District Court for the District of Maine, on the basis of federal question jurisdiction, codified in 28 U.S.C. § 1331. Defendants hereby provide a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## BACKGROUND

1.     On October 16, 2018, Plaintiffs, Old Town Utility & Technology Park, LLC, Relentless Capital Company, LLC and Samuel Eakin, filed their Complaint against Consolidated Edison Solutions, Inc., Consolidated Edison Development, Inc., Consolidated Edison Energy, Inc., Con Edison Clean Energy Business, Inc., Paul Mapelli, Jack Bosch, Ward Strosser, Mark Noyes, James W. Sewall Company, David Edson, David Stevens, Treadwell Franklin Infrastructure Capital, LLC, Steven Jones (correctly, Stephen R. Jones), People's United Bank, N.A., James Page, in his official and individual capacities, and The Trustees of the University of Maine System, in the Superior Court of Maine, Cumberland County.  (A copy of the Complaint is part of the State Court Record attached as Exhibit A to the Affidavit of Sigmund D. Schutz submitted herewith.) Plaintiffs allege that various defendants, including the Con Ed Defendants, "conspired, through operation of a criminal enterprise engaged in racketeering acts such as public bribery, theft of trade secrets and mail and wire fraud, to procure a lucrative multi-decade energy performance contract to meet all the University's energy needs[.]"  (Compl. ¶ 1.)  Plaintiffs assert claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d) (*Id.* ¶¶ 209-266).  Plaintiffs also assert claims for fraud, deceptive trade practices, tortious interference with an advantageous business relationship, breach of contract, promissory estoppel, quantum meruit, breach of fiduciary duty, equitable indemnification, and declaratory and injunctive relief.[1]

2.     On December 26, 2018, Plaintiffs served Consolidated Edison Solutions, Inc., Consolidated Edison Development, Inc., Consolidated Edison Energy, Inc., Con Edison Clean

---

[1] Defendants dispute Plaintiffs' factual allegations, as well as the legal conclusions, in the Complaint, and deny that Plaintiffs have been harmed in any way.

Energy Business, Inc., Paul Mapelli, Jack Bosch and Ward Strosser, respectively, with process in the State Court Action.

3. Consolidated Edison Solutions, Inc., Consolidated Edison Development, Inc., Consolidated Edison Energy, Inc., Con Edison Clean Energy Business, Inc., Paul Mapelli, Jack Bosch and Ward Strosser's deadline to answer or respond to the Complaint, as enlarged by agreement, is February 18, 2019.

4. On December 21, 2018, Plaintiffs served James Page, Chancellor of the University of Maine System, individually and in his official capacity ("Page"), with process in the State Court Action. (Service was made by mail with request for acknowledgement and was received by counsel for Page on December 26, 2018).

5. Page's deadline to answer or respond to the Complaint, as enlarged by agreement, is January 31, 2019.

6. On December 26, 2018, Plaintiffs served James W. Sewall Company, David Edson and David Stevens with process in the State Court Action.

7. James W. Sewall Company, David Edson and David Stevens' deadline to answer or respond to the Complaint, as enlarged by agreement, is February 5, 2019.

8. On December 21, 2018, Plaintiffs served The Trustees of the University of Maine System with process in the State Court Action. (Service was made by mail with request for acknowledgement and was received by counsel for the Trustees on December 27, 2018).

9. The Trustees of the University of Maine System's deadline to answer or respond to the Complaint, as enlarged by agreement, is February 6, 2019.

10. On January 2, 2019, Plaintiffs served People's United Bank, N.A. with process in the State Court Action.

11. People's United Bank, N.A.'s deadline to answer or respond to the Complaint, as enlarged by agreement, is February 18, 2019.

12. On January 2, 2019, Plaintiffs served Mark Noyes with process in the State Court Action.

13. Mark Noyes' deadline to answer or respond to the Complaint, as enlarged by agreement, is February 18, 2019.

14. On January 7, 2019, Plaintiffs served Treadwell Franklin Infrastructure Capital, LLC and Stephen R. Jones with process in the State Court Action.

15. Treadwell Franklin Infrastructure Capital, LLC and Stephen R. Jones' deadline to answer or respond to the Complaint, as enlarged by agreement, is February 18, 2019.

## **REQUIREMENTS FOR REMOVAL**

16. Plaintiffs filed the State Court Action on October 16, 2018. The Defendants received service of the Summons and Complaint, pursuant to M.R.Civ.P. 4, between December 26, 2018 and January 7, 2019. This removal is timely under 28 U.S.C. § 1446(b) because 30 days or less have passed since the first of the Defendants received service of the summons and complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Heller v. Allied Textile Cos., Ltd.*, 276 F. Supp. 2d 175, 180 (D. Me. 2003).

17. All Defendants who have been properly served with the Summons and Complaint have provided consent to removal and join in this motion as reflected in the signatures of their respective counsel below.

18. Venue properly lies in the United States District Court for the District of Maine, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because the State Court Action was filed in Cumberland County.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the clerk of the Superior Court of Maine, Cumberland County and providing written notice of this removal to Plaintiffs by serving Plaintiffs' counsel.

20. In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Defendants are attached collectively to the Affidavit of Sigmund D. Schutz submitted herewith.

## THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1331 and 1367

21. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For a case to arise "under the Constitution or laws of the United States," the right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action and must appear on the face of the state court complaint. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).

22. As a preliminary matter, Defendants deny that they have any liability to Plaintiffs and deny that Plaintiffs are entitled to recover damages and other relief requested in the Complaint. That said, based on the allegations as pled in the Complaint, which must be taken as true for purposes of removal, removal is appropriate because Plaintiffs' RICO claims are founded on a claim or right arising under the laws of the United States. Thus, Defendants may properly remove this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(b), and 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any person may be instituted in the district court

of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.").

23.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims that are part of the same controversy as those claims over which the Court has original jurisdiction.  Therefore, this Court has supplemental jurisdiction over Plaintiffs' remaining causes of action against Defendants.

## RESERVATION OF RIGHTS AND DEFENSES

24.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them, and reserve all such defenses, including, but not limited to, defenses based upon improper or inadequate service of process or based upon lack of personal jurisdiction.  In addition, Defendants do not concede that Plaintiffs state any claim upon which relief can be granted, or that Plaintiffs are entitled to any relief of any kind or nature.

25.     If any questions arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to submit additional papers and to present oral argument.

**WHEREFORE,** Defendants hereby remove this action, which was previously pending in the Superior Court of the State of Maine, County of Cumberland, and bearing State Court Case No. PORSC-cv-2018-00465, to the United States District Court for the District of Maine.

DATED:  January 11, 2019

Respectfully submitted,

**Consolidated Edison Solutions, Inc., Consolidated Edison Development, Inc., Consolidated Edison Energy, Inc., Con Edison Clean Energy Business, Inc., Paul Mapelli, Jack Bosch, Ward Strosser and Mark Noyes**

By their attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, LLP

*/s/ Sigmund D. Schutz*
Sigmund D. Schutz, Esq.
Elizabeth F. Quinby, Esq.

P.O. Box 9546
Portland, ME 04112-9546
Tel:  207-791-3000
sschutz@preti.com
equinby@preti.com

Jason Kislin, Esq.
*Pro Hac Vice To Be Submitted*
GREENBERG TRAURIG
500 Campus Drive
Suite 400
Florham Park, NJ  07932
Tel: 973-360-7900
KislinJ@gtlaw.com

**James Page, Chancellor of the University of Maine System, individually and in his official capacity**

By his attorneys,
ROACH HEWITT RUPRECHT SANCHEZ & BISCHOFF, P.C.

*/s/ Clifford H. Ruprecht*
Clifford H. Ruprecht, Esq.
David S. Bischoff, Esq.

66 Pearl Street, Suite 200
Portland, ME 04101
Tel:  207-747-4870
cruprecht@rhrsb.com
dbischoff@roachhewitt.com

**James W. Sewall Company, David Edson and David Stevens**

By their attorneys,
TAYLOR, MCCORMACK & FRAME, LLC

*/s/ Adam S. Taylor*
Adam S. Taylor, Esq.
Ilse Teeters-Trumpy, Esq.
30 Milk Street, 5th Floor
Portland, ME  04101
Tel:  207-828-2005
ataylor@tmfattorneys.com
iteeterstrumpy@tmfattorneys.com


**The Trustees of the University of Maine System**

By their attorneys,
CONSOVOY MCCARTHY PARK PLLC

*/s/ Patrick Strawbridge*
Patrick Strawbridge, Esq.
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
Tel:  617-227-0548
patrick@consovoymccarthy.com

**People's United Bank, N.A.**

By its attorneys,
PRETI FLAHERTY BELIVEAU & PACHIOS, LLP

*/s/ Sigmund D. Schutz*
Sigmund D. Schutz, Esq.
Elizabeth F. Quinby, Esq.

P.O. Box 9546
Portland, ME 04112-9546
Tel:  207-791-3000
sschutz@preti.com
equinby@preti.com

8

13743323.1

James J. Stricker, Esq.
*Pro Hac Vice To Be Submitted*
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY  10019
Tel: 212-506-1734
jstricker@kasowitz.com

**Stephen R. Jones and Treadwell Franklin Infrastructure Capital, LLC**

By their attorneys,
CRESWELL LAW

*/s/ Randy J. Creswell*
Randy J. Creswell, Esq.
2 Union Street, Suite 401
Portland, ME  04101
Tel:  207-358-1010
rcreswell@creswelllaw.com

9

13743323.1

## **CERTIFICATE OF SERVICE**

I, Sigmund D. Schutz, attorney for Defendants Consolidated Edison Solutions, Inc., Consolidated Edison Development, Inc., Consolidated Edison Energy, Inc., Con Edison Clean Energy Business, Inc., Paul Mapelli, Jack Bosch, Ward Strosser, Mark Noyes and Peoples United Bank N.A., hereby certify that on the above date, I electronically filed *Defendants' Notice of Removal Pursuant to 28 U.S.C. §§ 1331 and 1441(a) (Federal Question)* in this matter with the Clerk of Court via email and to counsel of record listed above via email and to counsel for Plaintiffs, Clifford Ginn, via email.

DATED:  January 11, 2019

                                                        */s/ Sigmund D. Schutz*
                                                        Sigmund D. Schutz

Preti Flaherty Beliveau & Pachios, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
(207) 791-3000
sschutz@preti.com