UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| OLD TOWN UTILITY & | ) |
| TECHNOLOGY PARK, LLC, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|               v. | ) 2:19-cv-00029-JDL |
| | ) |
| CONSOLIDATED EDISON, | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON PEOPLE'S UNITED BANK, N.A.'S
MOTION TO DISMISS**

Defendant People's United Bank, N.A. ("People's United") moves to dismiss the single count against it in the Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 50). For reasons I will explain, I grant the motion.

**I. BACKGROUND**

The Plaintiffs, Old Town Utility & Technology Park, LLC, Relentless Capital Company, LLC, and Samuel Eakin, allege that certain of the Defendants operated a criminal enterprise to procure a long-term energy supply contract with the University of Maine System (the "University"), and were able to do so because public entities and officials associated with the University failed to follow laws regulating governmental procurement and public corruption. At the heart of the alleged conspiracy is the Plaintiffs' assertion that University Chancellor James Page had an undisclosed financial interest in Defendant James W. Sewall Company ("Sewall"). The complaint

alleges that Chancellor Page faced a significant financial gain or loss depending on whether Sewall and its business partners succeeded in obtaining the energy contract with the University. The complaint contends that Chancellor Page manipulated the public bid process to favor Sewall and its partners.

The complaint asserts one claim (Count II) against People's United for conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1962(d) (West 2019). The Plaintiffs allege that Sewall "banked with" People's United, ECF No. 1-4 ¶ 45, that People's United loaned money to Sewall, and that Chancellor Page was a guarantor of certain of those loans. *See id.* ¶¶ 39-40, 263. The complaint further alleges that People's United was aware that Sewall faced a "substantial risk of business failure if [its] bid did not succeed, that Page was guarantor on the Sewall [loans], that Page stood to profit significantly if [Sewall's] bid succeeded . . ., that Page's financial stake in Sewall was not disclosed to the public, . . . and that Page was Chancellor of [the University]." *Id.* ¶ 263; *see also id.* ¶ 53. People's United therefore allegedly aided and abetted the RICO conspiracy by concealing the criminal activity of which it was aware. *Id.* ¶ 263.

On June 13, 2019, the Plaintiffs filed a motion to amend their complaint. The attached proposed amended complaint removes People's United as a defendant. The Plaintiffs refused People's United's subsequent request to consent to dismissing People's United as a named defendant in the original complaint.

## II. LEGAL ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To make out a claim for a RICO conspiracy under § 1962(d), a plaintiff must establish that each defendant in the conspiracy "joined knowingly in the scheme and [was] involved himself, directly or indirectly, in the commission of at least two predicate offenses." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 41 (1st Cir. 1991); *see also United States v. Carrozza*, 4 F.3d 70, 79 n.8 (1st Cir. 1993) ("[T]his circuit . . . requires that a defendant agreed to commit, or in fact committed, two or more specified predicate crimes as part of the defendant's participation in the affairs of the enterprise in order to convict the defendant for a RICO conspiracy.").

The Plaintiffs' complaint contains no allegations that People's United knowingly joined the alleged conspiracy or entered into an agreement to commit any predicate crimes. On the contrary, the complaint alleges that "People's United was not engaged in the operation of the Enterprise." ECF No. 1-4 ¶ 263. Nevertheless, the Plaintiffs seek to avoid the dismissal of their complaint as against People's United by arguing that:

> at a minimum, People's United agreed that the Enterprise should engage in public bribery, and should engage in mail fraud and wire fraud in service of that public bribery. People's United was updated on a quarterly basis on how Sewall was pursuing the [bid], without disclosing the conflict of interest Page had, knew the public bribery was an essential component of Sewall's strategy, and agreed to Sewall's engagement in public bribery.

ECF No. 61 at 5. But this argument is conclusory and unsupported by any citations to the complaint which would establish an agreement by People's United to engage in public bribery, or mail or wire fraud. *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("Merely reciting elements of a claim will not

do [to survive a motion to dismiss], . . . [n]or will alleging facts that are too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture.") (internal citation and quotation marks omitted). The complaint therefore fails to allege an essential element of a RICO conspiracy as against People's United.

### III.  CONCLUSION

For the reasons stated above, it is **ORDERED** that People's United Bank, N.A.'s Motion to Dismiss (ECF No. 50) is **GRANTED**. People's United Bank, N.A. is therefore **DISMISSED** as a party.

**SO ORDERED.**

**Dated this 9th day of August, 2019.**

                                                 **/s/ JON D. LEVY**
                                       **CHIEF U.S. DISTRICT JUDGE**