**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| OLD TOWN UTILITY & TECHNOLOGY PARK, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 2:19-cv-00029-JDL ) |
| CONSOLIDATED EDISON, SOLUTIONS, INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTIONS TO REMAND
AND TO FILE AMENDED COMPLAINTS**

The Plaintiffs' complaint asserts a variety of claims arising out of their allegedly wrongful exclusion from business opportunities associated with a long-term energy supply contract with the University of Maine System. The Plaintiffs have moved to remand the case to state court (ECF No. 45), and have filed two successive motions for leave to amend their complaint (ECF Nos. 78, 91). Because the resolution of these motions turns largely on this case's procedural history, I address that history in some detail.

### I. RELEVANT PROCEDURAL HISTORY

This action was removed from the Maine Superior Court to this Court in January 2019. Federal jurisdiction was premised on the presence of a federal question, namely two counts in the 127-page complaint alleging violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), with supplemental federal jurisdiction over the 12 state-law claims. *See* 28 U.S.C.A. §§ 1331, 1367 (West

2019). In February, I granted the parties' Joint Proposed Briefing Schedule, which required the Defendants to file their motions to dismiss at the end of the month and the Plaintiffs to file their responses in opposition by April 15. The Plaintiffs also filed a Motion to Remand to State Court, asserting that the case should be remanded primarily on abstention grounds.

On April 8, after the Defendants filed their motions to dismiss, and one week before the Plaintiffs' responses were due, the Plaintiffs filed a Motion for Leave to File *First Amended Complaint* (ECF No. 54) but failed to submit a draft of the proposed amended complaint. The next day, Magistrate Judge John H. Rich III ordered the Plaintiffs to file the proposed First Amended Complaint within seven days, explaining that it was needed "to provide the defendants with a fair opportunity to respond to the plaintiffs' motion" and "to provide the court with a meaningful opportunity to adjudicate the merits of the plaintiffs' motion." ECF No. 55. The following day, on April 10, the Plaintiffs moved to amend Magistrate Judge Rich's scheduling order to extend the period for the filing of the proposed First Amended Complaint from April 15, 2019 to May 3, 2019. The motion asserted that the Plaintiffs' attorney was "leaving on an international family vacation the morning of Saturday, April 13, 2019" without indicating his scheduled return date. ECF No. 56 at 1. The motion further asserted that the Plaintiffs' attorney had to prepare the Plaintiffs' response to the Defendants' motions to dismiss due April 15, in addition to performing work required on other cases. On April 12, 2019, the Court denied the Plaintiffs' Motion to Amend the Procedural Order, noting that the Plaintiffs had not

2

made a "particularized showing" as to the need for an extension beyond "a busy April 12 and a vacation starting April 13 prior to multiple April 15 deadlines." ECF No. 59. In addition, the Order noted that the motion failed to explain why the Plaintiffs "waited more than five weeks after the filing of the defendants' motions to dismiss and just one week before the deadline for their responses to file their motion to amend, *without* the proposed amended complaint." *Id.* (emphasis in original). On April 16, 2019, one day after the Court's deadline for the Plaintiffs to file the proposed First Amended Complaint, the Plaintiffs filed a notice with the Court "voluntarily withdraw[ing] their Motion for Leave to Amend, without prejudice to or waiver of their right to file such a motion at a later time." ECF No. 63.

On May 28, 2019, the Court scheduled a hearing to be held on the motions to dismiss and the motion to remand for June 18. Nearly two weeks later, Plaintiffs filed a motion to continue the hearing, which stated that their attorney had a "long-scheduled family vacation" out of state. ECF. No. 73. The Defendants opposed the motion, arguing that the Plaintiffs' counsel delayed in alerting the Court to his vacation and that the Plaintiffs' counsel had previously "attempt[ed] to alter settled schedules with untimely assertions of vacation." ECF No. 74 at 1. In the Plaintiffs' reply, counsel asserted that he "misread his calendar when the hearing was originally scheduled, but immediately notified the Court as soon as he saw the conflict." ECF No. 75 at 1. The Court granted the continuance on June 11, 2019, setting the hearing for the following month.

On June 13, 2019, the Plaintiffs filed a second Motion for Leave to File *First Amended Complaint*, this time attaching a 99-page amended complaint with exhibits. A hearing on that motion, the motion to remand, and the Defendants' motions to dismiss was held on July 18, 2019. At the hearing, the Plaintiffs' attorney offered the following explanation as to why, when the Plaintiffs filed their motion to continue the June hearing, he had not alerted the Defendants or the Court that the Plaintiffs would again seek to amend their complaint:

> I didn't deem it pertinent to the request to continue frankly. The sole reason I was seeking continuance was to go on vacation with my family, a long-scheduled vacation. I noted that I had misread my calendar in my motion and apologized for that inadvertent mistake; but as stated in the motion, as this Court is well aware, that there isn't necessarily even a need to file a motion for leave to amend before motions to dismiss are heard.

ECF No. 84 at 37.

On September 30, 2019, I issued my decision on the Defendant's motions to dismiss, granting them in part and denying them in part. *See* ECF No. 86. Pertinent to the issue of remand, the order dismissed the complaint's two RICO counts, which were the sole basis for the Court's federal question subject-matter jurisdiction. *Id.* at 15. In light of that decision, the Court scheduled a hearing for November 4, 2019, on the Plaintiffs' motion to remand and motion for leave to file a First Amended Complaint. On the morning of the hearing, the Plaintiffs filed their Motion for Leave to File *Second Amended Complaint*, attaching a proposed 112-page complaint and exhibits.[1]

---

[1] I indicated at the hearing that the Defendants should not file any opposition to the motion pending my issuance of this Order.

## II. MOTIONS FOR LEAVE TO AMEND

In some circumstances, a party may amend its pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[T]he 'spirit of the rule' dictates a preference for decisions 'on the merits, not because of missteps by counsel in pleading.'" *J.S. McCarthy, Co. v. Brausse Diecutting & Converting Equip., Inc.*, 226 F.R.D. 14, 17 (D. Me. 2005) (quoting *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 3 (D. Me. 1998)); *see also* 6 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2019). But Rule 15(a)(2) "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). "Rather, a district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006)); *see also In re Curran*, 855 F.3d 19, 27–28 (1st Cir. 2017).

Ultimately, whether to grant leave to amend depends upon the totality of the circumstances. *See Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 20–21 (1st Cir. 2017). This includes whether the plaintiff was "attempting to torpedo [the Court's] briefing schedule," *D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194–95 (1st Cir. 2015) (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517–18 (1st Cir. 1989)), whether the plaintiff, "by rule or court order, had a prior opportunity to

amend," *Nikitine*, 715 F.3d at 390 (citations omitted), and any other "pertinent considerations," *Mulder*, 865 F.3d at 20–21 (quoting *Palmer*, 465 F.3d at 30–31). "Everything depends on context." *Nikitine*, 715 F.3d at 390.

A. **The Plaintiffs' Motion for Leave to File *First Amended Complaint***

Because the Plaintiffs have filed a Motion for Leave to File *Second Amended Complaint*, their Motion for Leave to File *First Amended Complaint* is moot and is denied accordingly. *See, e.g., Cosman v. Simon Roofing & Sheet Metal Corp.*, No. CIV.A. 12-11537-DJC, 2013 WL 2247498, at *1 n.1 (D. Mass. May 17, 2013); *Millay v. Maine Dep't of Labor*, No. 1:11-cv-00438-NT, 2012 WL 6044775, at *1 n.1 (D. Me. Sept. 21, 2012), *report and recommendation adopted*, 2012 WL 6043964 (D. Me. Dec. 5, 2012).

B. **The Plaintiffs' Motion for Leave to File *Second Amended Complaint***

As to the Motion for Leave to File *Second Amended Complaint*, courts generally permit amendment to a complaint following a court's ruling on a motion to dismiss. Leave to amend "is often granted not only pretrial but *after* a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay." *E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, Inc.*, 357 F.3d 1, 8 (1st Cir. 2004) (emphasis in original); *see also D'Agostino*, 802 F.3d at 194–95; c*f. Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892, 897 (D. Mass. 1991) ("[A] court concluding that a complaint fails particularity requirements either enters an interlocutory order dismissing the complaint, but allowing leave to amend within a specified time, or allows leave to amend and defers ruling on the motion to dismiss.").

6

Although the Plaintiffs have attached a new 112-page complaint to their motion for leave to amend, the motion offers no details as to why or how their complaint has been amended. The motion thus provides little insight as to whether, in relation to the various rulings contained in my 38-page order on the Defendants' motions to dismiss, the amendments adopted in the Plaintiffs' proposed Second Amended Complaint would or would not be futile.

Given the paucity of information from the Plaintiffs, Federal Rule of Civil Procedure 7(b)(1)(B) informs my Rule 15(a)(2) analysis. Rule 7(b)(1)(B) requires that motions "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Neither the Plaintiffs' motion nor the proposed Second Amended Complaint attached to it provides the necessary particularity. Ferreting out the changes the Plaintiffs made in their Second Amended Complaint will be a substantial, time-consuming task. Both the original complaint and the proposed Second Amended Complaint are voluminous, containing several hundred numbered paragraphs and multiple exhibits. Given the Plaintiffs' history of dilatory filings, their barebones motion in support of their proposed Second Amended Complaint is plainly insufficient.

"The interests of justice described in Rule 15(a)(2) must and do take into account the burden on defendant[s] and the Court in devoting scarce resources to sift through each successive iteration of [a plaintiff's] complaint and [to] assess its legal sufficiency." *Johnson v. Infirmary Health Sys., Inc.*, No. CIV.A. 13-0431-WS-M, 2013 WL 6062587, at *5 n.8 (S.D. Ala. Nov. 18, 2013). Indeed, "[t]he absence of supporting

information"—such as a "preview [of] what additional facts or legal claims might be included in [an] amended complaint"—"may, in and of itself, be a sufficient reason for the denial of leave to amend." *Aponte-Torres*, 445 F.3d at 58 (citation omitted). Such is the case here. Accordingly, the Plaintiffs' Motion for Leave to File *Second Amended Complaint* is denied without prejudice. The Plaintiffs will be allowed to file a new motion for leave to file an amended complaint that explains how the proposed Second Amended Complaint cures the deficiencies in the original complaint as to each count and in relation to the order granting in part and denying in part the Defendants' motions to dismiss.

### III. MOTION TO REMAND

Whether the Plaintiffs are permitted to amend their complaint will bear on the Court's jurisdiction and the question of whether the case should be remanded. Thus, I will not rule on the Motion for Remand at this time.

### IV. CONCLUSION

It is therefore **ORDERED** that the Plaintiffs' Motion to File *First Amended Complaint* (ECF No. 78) is **DENIED** as moot, and the Plaintiffs' Motion to File *Second Amended Complaint* (ECF No. 91) is **DENIED** without prejudice. It is further **ORDERED** that the Plaintiffs are granted leave to file a new motion for leave to file a second amended complaint within five (5) business days. The Court reserves decision on the Motion to Remand (ECF No. 45).

**SO ORDERED.**

**Dated this 30th day of December, 2019.**

                                                **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**